## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DONN DEVERAL MARTIN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:11-CV-447-Y** |
| | § | |
| **RICK THALER,  Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. Parties

Petitioner Donn Deveral Martin, TDCJ-ID #01454022, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

In May 2007 petitioner was charged by separate indictment with four counts of aggravated sexual assault of a child younger than 14 years of age, three counts of sexual performance by a child, and two counts of indecency with a child. (01State Habeas R. at 124; 02State Habeas R. at 111; 03State Habeas R. at 110; 04State Habeas R. at 110; 05State Habeas R. at 115; 06State Habeas R. at 110; 07State Habeas R. at 110; 08State Habeas R. at 110; 09State Habeas R. at 110)[1] Petitioner's jury trial commenced on August 7, 2007.  On August 13, 2007, the jury found petitioner guilty on all counts and, on August 14, 2007, assessed his punishment at life imprisonment and a $10,000 fine for each aggravated sexual assault of a child count, twenty years' imprisonment and a $10,000 fine for each sexual performance by a child count, and twenty years' imprisonment and a $10,000 fine for each indecency count. (01State Habeas R. at 125; 02State Habeas R. at 113; 03State Habeas R. at 111; 04State Habeas R. at 111; 05State Habeas R. at 116; 06State Habeas R. at 111; 07State Habeas R. at 111; 08State Habeas R. at 111; 09State Habeas R. at 111)

Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and, on May 13, 2009, the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review. *Martin v. Texas*, Nos. 02-07-308-CR thru 02-

---

[1] "01State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-01; "02State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-02; "03State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-03; "04State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-04; "05State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-05; "06State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-06; "07State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-07; "08State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-08; and "09State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,347-09.

07-316-CR, 2008 WL 4831345 (Tex. App.–Fort Worth Nov. 6, 2008); *Martin v. Texas*, PDR Nos.

176-09 thru 184-09. Petitioner did not seek writ of certiorari; thus, his convictions became final on

August 11, 2009, when his time for filing a petition(s) for writ of certiorari expired. (Pet. at 3) *See*

*id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

On May 4, 2010, petitioner filed nine state applications for writ of habeas corpus, one for

each conviction, which were denied by the Texas Court of Criminal Appeals without written order

on the findings of the trial court on February 16, 2011.[2] (State Habeas Rs. at cover) This federal

petition for writ of habeas corpus is deemed filed on June 23, 2011. *Spotville v. Cain*, 149 F.3d 374-

378 (5th Cir. 1998).

The state appellate court briefly summarized the evidence at trial as follows:

> Martin, a resident of Abilene, occasionally slept over at his daughter's house
> in Arlington. At time, Martin was alone behind closed doors with S.S., his five-year-
> old granddaughter. On the morning of March 6, 2006, S.S. told her mother that
> Martin had come into her room the previous night and licked her "butt." During the
> investigation, the police discovered hundreds of child pornography images on
> Martin's computer, including photographs of S.S.

*Martin*, 2008 WL 4831345, at *1.

---

[2] Petitioner claims he placed his state habeas applications in the prison mailing system on April 26, 2010, and under the prison mailbox rule the applications should be deemed filed on that date. (Pet'r Reply at 3) Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *Holland v. Quarterman*, 507 F.3d 840, 843–44 (5th Cir. 2007), *cert. denied*, 553 U.S. 1081 (2008). However, in 2010 the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, adopted the prisoner mailbox rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). The Fifth Circuit has not yet ruled on the issue in light of the Texas Court of Criminal Appeals's intervening decision in *Campbell*, and this court is bound by precedent. It is noted, however, that even if the mailbox rule was applicable to petitioner's state habeas applications, it would not change the result.

D. Issues

Petitioner states the following grounds for habeas relief:

(1)    His convictions were obtained by the use of evidence gained from an unconstitutional search and seizure;
(2)    He was denied the effective assistance of trial counsel;
(3)    The state engaged in prosecutorial misconduct;
(4)    He is actually innocent of the charges; and
(5)    The evidence was factually insufficient to sustain any conviction.

(Pet. on at 7a-c, 8a-f)

E. Rule 5 Statement

Respondent contends that the petition is time-barred under the federal statute of limitations or, in the alternative, ground three is unexhausted and procedurally barred and the remaining grounds lack merit.  (Resp't Answer at 5-12)

F. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, §2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, petitioner's convictions became final and the one-year limitations period began to run on August 11, 2009,[3] and expired one year later on August 11, 2010, absent any applicable tolling.  Petitioner's state habeas applications, filed on May 4, 2010, operated to toll the limitations period 288 days under § 2244(d)(2), making his federal petition due on or before May 26, 2011.[4]  Thus, his federal petition, deemed filed on June 23, 2011, is untimely unless he can demonstrate circumstances warranting tolling as a matter of equity.

---

[3]Petitioner claims his convictions are not final and the one-year statute of limitations has yet to commence because the state appellate court has not issued its mandate.  (Pet'r Reply at 4)  However, the Fifth Circuit has explicitly determined state law is not binding on federal courts and has established that the day on which a state appellate court issues the mandate has no impact on time computation under § 2244(d)(1).  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

[4]Petitioner claims he filed a "motion in opposition" to the February 16, 2011, denial of his state habeas applications within 14 days that was intended to be a "motion for rehearing" so as to obtain additional tolling under the statutory provision while the motion was pending.  *See* TEX. R. APP. P. 79.1, 79.2(d); *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001).  However, there is no indication in the record that the Texas Court of Criminal Appeals treated petitioner's motion as such.  In fact, the court's website reflects that a motion was received by the court on March 14, 2001, and that the court decided on March 16, 2-11, to take "no action" on the motion.  It is noted, however, that even if petitioner was given the benefit of the doubt, tolling of an additional three days would not change the result.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, ___ (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims there were delays in receiving information regarding the state court rulings. He asserts that, although he sent seven letters to appellate counsel, David Richards, from March 2009 through December 2009, counsel failed to timely notify him that his petitions for discretionary review were refused on May 13, 2009. (Pet'r Reply at 3) In support, petitioner presents a copy of a letter from counsel dated July 22, 2010, in which counsel apologized for the "long delay" in replying to petitioner's August 10, 2009, letter and informed petitioner that his letter was addressed to counsel's previous office and just recently found and that the delay was in part due to a stroke counsel suffered on July 24, 2009. (Pet'r Reply, Exs. A & B) This asserted delay in receiving notice of the state court's ruling on his petitions for discretionary review is insufficient to meet the high standard necessary for equitable tolling. *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002); *Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *3-4 (5th Cir. 2002) (not designated for publication). Nothing in the record suggests that petitioner was actively misled or deceived by counsel or that he was prevented in some extraordinary way from asserting his rights. Equitable tolling is usually denied due to the failure of the petitioner to establish more than "excusable neglect." Excusable neglect encompasses many facets, including attorney neglect, illness, unusual

delay and insufficient effort on the part of both counsel and the parties. *Cousin v. Lensing*, 310 F.3d

843, 848 (5th Cir. 2002). *Lewis*, 33 Fed. Appx. at 704, 2002 WL 432658, at *4; *Wessinger v. Cain*,

No. Civ. A. 04-637-D, 358 F. Supp. 2d 523, 527 & n.16 (M.D.La. Feb. 28, 2005) (not designated

for publication). Absent evidence of intentional deceit or misrepresentation on the part of counsel,

counsel's failure to timely notify petitioner of the date his petitions for discretionary review were

refused, alone, does not constitute "rare and exceptional circumstances" warranting equitable tolling.

*United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.), *cert. denied*, 539 U.S. 952(2003); *Cousin v.

Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003). Furthermore,

petitioner filed his state habeas applications before receiving counsel's July 22 letter; thus, it cannot

be said that counsel's silence obstructed petitioner's efforts in pursuing state habeas relief.

Nor does the alleged 8-day delay in receiving notice that his state habeas applications were

denied warrant equitable tolling. Had petitioner correctly calculated the federal limitations period,

he would have been aware of the time he had remaining within which to file a timely petition. His

ignorance of the law or lack of knowledge of filing deadlines does not support equitable tolling.

*Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th

Cir. 1999). Petitioner has failed to assert a reason for his failure to file his petition in a timely

manner to justify equitable tolling of the limitations period, and the record reveals none.

Absent equitable tolling, petitioner's federal petition was due on or before May 26, 2011, and

his petition deemed filed on June 23, 2011, is untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus

be DISMISSED as untimely. All pending motions not previously ruled on are DENIED.

7

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 20, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 20, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March ___30___, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE