IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONN DEVERAL MARTIN,            §
                                §
VS.                             §   CIVIL ACTION NO.4:11-CV-447-Y
                                §
RICK THALER,                    §
Director, T.D.C.J.              §
Correctional Institutions Div.  §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Donn Deveral Martin under

28 U.S.C. § 2254, the Court has made an independent review of the

following matters in the above-styled and numbered cause:

1.   The pleadings and record;

2.   The proposed findings, conclusions, and recommendation of
     the United States magistrate judge filed on March 30,
     2012; and

3.   The petitioner's written objections to the proposed
     findings, conclusions, and recommendation of the United
     States magistrate judge filed on April 20, 2012.[1]

The Court, after **de novo** review, concludes that Petitioner's

objections must be overruled, and that the petition for writ of

habeas corpus should be dismissed with prejudice as time-barred

under 28 U.S.C. § 2244, for the reasons stated in the magistrate

---

[1]After the filing of the magistrate judge's report, petitioner Martin also filed a motion for the Court to order Shirlene D. Haley to submit an affidavit. After review and consideration, as the information sought by the motion relates only to one of Martin's substantive grounds for relief and not to the limitations ground upon which the magistrate judge recommended dismissal, the Court concludes that the motion (doc. 44) must be denied.

Martin has also filed a motion challenging the magistrate judge's findings, conclusions, and recommendation on the basis that he never consented to the magistrate judge's exercise of jurisdiction under 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73(a) and (b). Those provisions apply to a magistrate judge's authority to preside over a civil matter if the parties consent. In this case, hover, the magistrate judge was designated only to prepare and submit to the district judge a proposed findings of fact and recommendation as authorized under 28 U.S.C. § 636(b)(1)(B). As the parties' consent is not required under § 636(b)(1)(B), and as Martin was properly given the opportunity to file written objections to the magistrate judge's findings and recommendation, the motion to dismiss the magistrate judge's report (doc. 46) will be denied.

judge's findings and conclusions, and for the additional reasons noted herein.

Martin contends that the date upon which his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) is not the date of the denial of the multiple PDR's for his several convictions, May 13, 2009, but instead is fifteen days later, May 28, 2009, due to the time allowed for the filing of motions for rehearing. But the record does not include evidence of the filing and consideration of any motions for rehearing of the multiple petitions for discretionary review refused on May 13, 2009. Thus, Martin's objection to not extending the time under § 2244(d)(1)(A) for the filing of any motions for rehearing, is overruled.

Martin also contends that the time the limitations period was tolled for the pendency of the petitions for writ of habeas corpus in state court should also be extended fifteen days for the time for any motion for rehearing. But Martin did not file any motion for rehearing within fifteen days of the denial of his multiple applications for writ of habeas corpus on February 16, 2011. *Ex parte Martin,* Nos. 75,347-01 through 75,347-09, at covers.  As noted by the magistrate judge, Martin filed a "motion in opposition" in each of these cases on March 14, 2011, which he dated on March 10.  And there is no indication such motions were construed by the Texas Court of Criminal Appeals as motions for reconsideration. Furthermore, even if so, the motions were not filed (or even mailed) within 15 days of the February 16, 2011 orders denying the habeas-corpus applications.[2] Thus, Martin's objection relating to

---

[2]*See* Tex. R. App. P. 79.1 ("A motion for rehearing may be filed with the Court of Criminal Appeal clerk within 15 days from the date of the judgment or order.")

receiving credit for any time for rehearing after the denial of his state applications for writ of habeas corpus is overruled.

Martin also objects to the magistrate judge's analysis of whether he should be given additional tolling credit for the pendency of his state applications under 28 U.S.C. § 2244(d)(2) on the basis that the prison "mailbox rule" applies to the filing of the state habeas applications. But as noted by the magistrate judge, even if Martin is given credit for the date he allegedly placed the state habeas applications in the prison mail (April 26, 2009), rather than the date they were filed (May 4, 2009), credit for those additional nine days would not alter this Court's conclusion that this federal petition under 28 U.S.C. § 2254, constructively filed on June 23, 2011, was filed beyond the applicable limitations date. Martin's objections on this basis are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Martin's motion asking the court to order Shirlene D. Haley to submit an affidavit (doc. 44) is DENIED.

Martin's motion requesting the Court dismiss the findings, conclusions, and recommendation of the magistrate judge (doc. 46) is DENIED.

Petitioner Martin's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is

issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Martin has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the February 8, 2012 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

Therefore, a certificate of appealability should not issue.

SIGNED May 15, 2012.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3]*See* Fed. R. App. P. 22(b).

[4]RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[5]28 U.S.C.A. § 2253(c)(2)(West 2006).

[6]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[7]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).